UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELIJAH THOMAS,

      Plaintiff,                             Case No. 3:20-cv-300

vs.

GC RESTAURANTS, LLC, *et al.*,         District Judge Michael J. Newman
                                          Magistrate Judge Peter B. Silvain, Jr.

      Defendants.

---

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT (DOC. NO. 10); (2) AWARDING PLAINTIFF $7,016 IN DAMAGES; (3) AWARDING PLAINTIFF $9,045 IN ATTORNEY'S FEES AND COSTS; (4) DIRECTING THE CLERK TO ENTER JUDGMENT ACCORDINGLY; AND (5) TERMINATING THIS CASE ON THE DOCKET**

---

This case is before the Court on Plaintiff's motion for a default judgment. Doc. No. 10. Plaintiff sued his former employer and manager for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and Ohio Rev. Code § 4111.01. Doc. No. 1. Defendants failed to answer Plaintiff's complaint or appear in this matter, and Plaintiff followed the steps of Fed. R. Civ. P. 55 to obtain a default judgment. Doc. Nos. 4, 10. For that reason, the Court **GRANTS** Plaintiff's motion and **AWARDS** Plaintiff damages and attorney's fees and costs.

**I.**

Despite having been served with process on October 19, 2020 (Doc. No. 4) and with a discovery request on February 1, 2021 (Doc. No. 10-2), Defendants failed to appear in this matter or otherwise oppose Plaintiff's claims. As a result, the Court construes Plaintiff's alleged facts as true for purposes of this motion. *See, e.g.*, *Lucas v. Monitronics Int'l, Inc.*, No. 1:17-cv-374, 2020 WL 6440255, at *1 (S.D. Ohio Nov. 3, 2020).

Defendant GC Restaurants, LLC owns and operates several Victor's Tacos locations in the Dayton, Ohio area.  Doc. No. 10 at PageID 31.  Defendant Jonathan G. Carillo was Plaintiff's direct supervisor.  *Id.*  Plaintiff worked at Victor's Tacos from August 6, 2018 until December 21, 2018 and again from August 19, 2019 until December 13, 2019.  *Id.*

During his first stint at Victor's Tacos, Plaintiff was paid $10.00 per hour.  *Id.*  Plaintiff was paid his regular wage for the first 45 hours he worked in a given week.  *Id.*  But, for any week where Plaintiff worked for more than 45 hours, Defendants refused to pay him any wage at all, let alone time and a half.  *Id.*  Plaintiff confronted Carillo about this but was told "Victor's Tacos did not have enough employees to be required to pay overtime."  Doc. No. 10-3 at PageID 61.

Plaintiff quit his job with Victor's Tacos in December 2018 only to be brought back at $12.00 per hour in August 2019.  *Id.*  Plaintiff hoped things would be different the second time around, but he soon discovered he still was not compensated for any time worked over 45 hours per week.  *Id.* at PageID 62.  Plaintiff quit again and sued to recover his unpaid wages.  *Id.*

After Defendants failed to timely plead or move in response to Plaintiff's complaint, *see* Fed. R. Civ. P. 12(a), Plaintiff requested the Clerk note Defendants' default pursuant to Federal Rule of Civil Procedure 55(a).  Doc. No. 7.  The Clerk entered Defendants' default on December 1, 2020.  Doc. No. 8.  Plaintiff filed this motion for a default judgment on March 18, 2021.  Doc. No. 10.  Defendants had 21 days to oppose Plaintiff's request but failed to do so.  S.D. Ohio Civ. R. 7.2(a)(2).  Plaintiff's motion is now ripe for review.

## II.

Rule 55(b)(2) permits a court, in its discretion, to enter a default judgment following the entry of default by the Clerk.  The Sixth Circuit has held that a court should take into account the following factors when considering whether to enter a default judgment: "(1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of

money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). The Court must also be sure it has jurisdiction over the defaulted defendant. *See, e.g.*, *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010).

A party in default is considered to have admitted all the material allegations in the complaint. Fed. R. Civ. P. 8(b)(6). The material allegations in Plaintiffs' complaint, when accepted as true, raise a plausible claim that Defendants failed to pay Plaintiff minimum and overtime wages in violation of the FLSA. Doc. No. 1 at PageID 3–5.[1] There is no indication in the record that Defendants' failure to respond to Plaintiff's complaint was due to excusable neglect. As a result, Plaintiff is entitled to default judgment as to Defendants' liability under the FLSA for not paying Plaintiff's overtime wages. *See* 29 U.S.C. §§ 206, 207, and 216(b).

### III.

Rule 8's consequence for unchecked admissions only applies to liability. Fed. R. Civ. P. 8(b)(6). Plaintiff "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The Court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-542268, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (quotation omitted) (cleaned up).

Under the FLSA, an employee has the "burden of proving that he performed work for which he was not properly compensated." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946)). Where the employer's records are nonexistent or inadequate, the plaintiff can carry his or her FLSA burden

---

[1] Plaintiff likewise alleges that GC Restaurants, LLC is an Ohio limited liability corporation, and that Carrillo is an Ohio resident. Doc. No. 1 at PageID 1–3. Consequently, the Court may exercise personal jurisdiction over Defendants. *See, e.g.*, *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005).

with proof "that he has in fact performed work for which he was improperly compensated and . . . sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 398–99 (quoting *Anderson*, 328 U.S. at 687). Estimates under this standard suffice because "inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records." *Id.* at 412.

By failing to respond to Plaintiff's requests for admission, Defendants admit that they failed to keep accurate records of the hours worked by or wages paid to Plaintiff. Doc. No. 10-1 at PageID 51; *see* Fed. R. Civ. P. 36(a)(3). Defendants likewise failed to produce any documents related to Plaintiff's compensation. *Id.* at PageID 52. Plaintiff instead presents an estimated damages table, based on his sworn declaration, that identifies the unpaid wages owed by Defendants. Doc. No. 10 at PageID 34–38, 60–63. The Court adopts Plaintiff's damages calculations as reasonably certain, *see Cline*, 2018 WL 542268, at *2, subject to one reservation, and finds Plaintiff is entitled to $3,508 in unpaid wages.[2]

An employer liable for unpaid wages under the FLSA must pay liquidated damages "in an additional equal amount," 29 U.S.C. § 216(b), unless "the employer shows to the satisfaction of the court that the act or omission giving rise to such [FLSA] action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of [FLSA]." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002) (quoting 29 U.S.C. § 260). "Liquidated damages under the FLSA 'are compensation, not a penalty or punishment.'" *Id*. (quoting *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971)). Defendants' failure to respond to Plaintiff's complaint leaves the record void of any explanation, or showing of good

---

[2] During the week of 11/18/2019 to 11/24/2019 Plaintiff only worked 33 hours. Doc. No. 10 at PageID 38. Plaintiff claims he is owed $156 for this period, but that calculation is based on Plaintiff working a 52-hour week. *Id.* The Court therefore subtracts $156 from Plaintiff's total unpaid wages.

faith, by Defendants for failing to pay Plaintiff overtime wages as the FLSA requires.  Doc. No. 10-1 at PageID 50.  Therefore, the Court **AWARDS** damages for unpaid overtime wages in the amount of $3,508 plus an equal amount in liquidated damages, totaling **$7,016** in damages.

## IV.

Plaintiff's counsel requests $8,645 in attorney's fees.  Doc. 10-4 at PageID 65.  If an employer is found liable under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  Though the FLSA does not define "reasonable fee," "[t]he most useful starting point for determining the amount of a reasonable fee" is the lodestar method. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  That figure is reached "by multiplying the reasonable number of hours billed by a reasonable billing rate."  *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002) (quotation omitted).

Plaintiff's counsel's time records indicate he billed 26.6 hours to this matter at $325 per hour.  Doc. No. 10-6 at PageID 71.  Plaintiff's counsel's work on the case included drafting the complaint, research, serving documents on Defendants, and communicating with his client.  *Id.* The Court finds the time spent on this matter to be reasonable, considering Defendants were non-responsive and that Plaintiff's counsel exercised diligence in providing them notice of Plaintiff's claims.  *Id.*

The Court must also determine whether $325 is a reasonable hourly rate "us[ing] as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."  *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).  "A district court is permitted to 'rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'"  *Waldo v. Consumers Energy Co.*, 726 F.3d 802,

821–22 (6th Cir. 2013) (quoting *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011)). Plaintiff's counsel declares under the penalty of perjury that he has handled over 100 wage and hour cases and that courts have previously awarded him hourly rates of between $275 and $425 per hour. Doc. No. 10-4 at PageID 64. He has previously not objected to an award of $325 per hour. *Id.* An hourly rate of $325 in this matter is, therefore, reasonable.

Plaintiff's counsel also requests $400 in court costs for the filing fee paid here. *Id.* at PageID 65. Defendants do not object or otherwise respond. Therefore, the Court finds this request reasonable and **AWARDS** Plaintiff **$9,045** in attorney's fees and costs.

## V.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for a default judgment (Doc. No. 10) and **AWARDS** him $7,016 in damages and $9,045 in attorney's fees and costs. The Clerk is ordered to enter judgment accordingly and **TERMINATE** this case on the docket.

      **IT IS SO ORDERED.**

Date:  September 9, 2021          s/Michael J. Newman
                                                  Hon. Michael J. Newman
                                                  United States District Judge